## JOE MILLER v. THE STATE.

### *No. 1106.   Decided November 20th, 1895.*

**1.   Abuse of Argument—Practice.**

Where, in his argument to the jury, the State's counsel said: "There are thousands of men in the penitentiary, and filling felon's graves, upon testimony not half as strong as this." Held: That, if improper, the matter will not be considered in the absence of special instructions requested directing the jury to disregard said remarks.

**2.   New Trial—Newly Discovered Evidence to Impeach a Witness.**

As a general rule, a new trial will not be granted on account of newly discovered evidence to impeach a witness.

**3.   Conflicting Evidence—Verdict—Practice on Appeal.**

A verdict will not be disturbed where the evidence is directly conflicting, if the State's evidence is sufficient to support it.

APPEAL from the District Court of Wise. Tried below before Hon. J. W. PATTERSON.

Appellant was convicted upon the second count in the indictment for fraudulently receiving from Aaron Myers, and fraudulently concealing, one head of cattle, the property of Z. Williams; his punishment being assessed at two years' imprisonment in the penitentiary.

The evidence is conflicting. One of the witnesses, Wm. Cole, testified: that he traded with defendant for one of the cows, and defendant told him that he had raised her. Another witness, J. S. Brown, testified that he heard defendant tell Aaron Myers, the party from whom defendant received the cattle, "That something had to be done; that defendant or Myers one, had to leave, and that defendant could let Myers have all the money he wanted."

Defendant proved that he had purchased the cattle from Myers.

*T. J. McMurray* and *Bullock & Tankersley*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

35th Crim. Rep.—14.

HENDERSON, JUDGE.—This conviction was had for fraudulently receiving and concealing a stolen cow, with knowledge of its theft. Two bills of exception were reserved to the remarks of the State's counsel, made in his argument to the jury; the objection urged being that said remarks alluded to the failure of the appellant to testify on the trial. Further objections were reserved to the statement of the State's counsel, "That there are thousands of men in the penitentiary and filling felon's graves upon testimony not half as strong as this." We have carefully read these remarks, as presented in the bills of exception, and are of the opinion that they did not allude, directly or indirectly, to the failure of appellant to testify in the case. The statement in regard to convicts in the penitentiary, and executed felons, was but an assertion of the State's attorney, and, if improper, special instructions should have been requested by appellant, directing the jury to disregard them. This was not done. Willson's Criminal Procedure, § 2321. The newly discovered evidence, if it be such, could be used for but one purpose, to-wit: to impeach the witness Cole, and, as a general rule, a new trial will not be granted to obtain such evidence. There is nothing in this case to take it out of the general rule. Willson's Criminal Procedure, § 2544. We have examined the statement of facts very carefully, and find a serious conflict between the testimony of the State's and appellant's witnesses. The jury settled this conflict in favor of the State. This being the case, the question for us to determine is, whether the testimony in support of the verdict is sufficient. We are of the opinion that it is, and cannot, therefore, disturb the verdict. The judgment is accordingly affirmed.

*Affirmed.*