## CURTIS McGINSEY v. THE STATE.

No. 1564. Decided February 21, 1912.

1.—Robbery—Accomplice—Bill of Exceptions.

The testimony of an accomplice is admissible, besides there was no bill of exceptions.

2.—Same—Newly Discovered Evidence—Affidavit.

Where the affidavit of the alleged absent witness, who was confined in the county jail at the time, was not attached to the motion for new trial setting up newly discovered evidence, and only the affidavit of defendant taken before his counsel was attached thereto, the same was insufficient. Following Maples v. State, 60 Texas Crim. Rep., 169; besides, said testimony was only of an impeaching character.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of robbery, the evidence was sufficient to sustain a conviction, there was no error.

4.—Same—Evidence—Adjournment—Practice on Appeal.

Evidence discovered since the trial of the case and the adjournment of the trial court for the term, can not be considered on appeal.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of robbery; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*Sidney E. O'Bryan* and *W. J. Hannah,* for appellant.—On question of insufficiency of the evidence: Hardin v. State, 13 Texas Crim. App., 192; Zollicoffer v. State, 16 id., 312; Smelser v. State, 31 Texas, 95.

On question of newly discovered evidence: Gross v. State, 4 Texas Crim. App., 249; Yanez v. State, 6 id., 429; Evans v. State, id., 513; Tuttle v. State, id., 556.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with robbery, and when tried he was convicted and his punishment assessed at confinement in the penitentiary for fifty years.

In the motion for new trial it is alleged that the court erred in admitting the testimony of Cullen Nobles, an accomplice in the offense charged. There was no bill of exceptions reserved to admitting the testimony of this witness in evidence, therefore the question is not presented in a way we could review it. However, if it is intended to object to the testimony as a whole on the sole ground that he is an accomplice, this question has been held adversely to appellant's contention. Rangel v. State, 22 Texas Crim. App., 642; Freeman v. State, 33 Texas Crim. Rep., 568; Underwood v. The State, 38. Texas Crim. Rep., 193.

Cullen Nobles testified that appellant and he, jointly, committed the offense charged in the indictment. He says that appellant held up Mr. Thomas with a pistol while he (witness) robbed Mr. Thomas. Appellant, in his motion for new trial, seeks a new trial on newly discovered evidence, it being alleged "that since the trial of this case one John Anderson, who is now in jail, told this defendant that he, the said Anderson, would swear that he and the State's witness, Cullen Nobles, spent the night together with a prostitute on the night of the alleged robbery." The affidavit of Anderson is not attached to the motion, and the only evidence offered is the affidavit of appellant that Anderson had so told him, which affidavit is taken by appellant's counsel. In Maples v. The State, 60 Texas Crim. Rep., 169, this court held that affidavits sworn to before counsel interested in the case will not be considered on appeal. Besides this testimony would only be admissible to impeach the witness Nobles, and it has been held by this court that newly discovered evidence will not authorize a new trial if the purpose of such evidence be merely to impeach or discredit a witness who has testified on the trial. Barber

v. The State, 35 Texas Crim. Rep., 70; Miller v. The State, 35 Texas Crim. Rep., 209; Butts v. The State, 35 Texas Crim. Rep., 364; Scruggs v. The State, 35 Texas Crim. Rep., 622. It has also been held that the motion should be supported by the affidavit of the persons by whom the defendant expects to prove the facts alleged, or if the affidavits have not been obtained, the failure to obtain them must be satisfactorily accounted for (Campbell v. State, 29 Texas, 490; West v. State, 2 Texas Crim. App., 209; Polser v. State, 6 Texas Crim. App., 510). In this case it appears from the affidavit that the witness whose testimony appellant alleges to be newly discovered is confined in the same jail with appellant, and no ground is stated why his affidavit is not attached.

The only other ground in the motion alleges the insufficiency of the evidence, in that the evidence of Nobles, the accomplice, is not sufficiently corroborated. Mr. Thomas, who was robbed at the point of a pistol, alleges that he had a watch taken from off his person, and he says: "I had got on the inside of the gate and was tying the gate when I heard the click of a pistol, and someone said, 'Hands up,' and I asked, 'What does this mean?' the reply being, 'We are just going to take what you have got.' Of course, I held them up. When they were taking my watch, one said, 'Don't take the watch, it will be a dead give away,' when the other one replied, 'The son-of-a-bitch ain't got nothing else and we will take the watch.' That when they got through, one said, 'You son-of-a-bitch, back off.'" He identified Cullen Nobles positively as the negro who searched him. He went to the city hall, where there were several negroes, pointed out Cullen Nobles as the one who searched him, and pointed out appellant as the one who held the pistol on him, saying, "If that isn't him, I can not pick him out," adding that to the best of his belief he is the one. He picked him out of a bunch of negroes. Next morning appellant carried the watch which was taken from Mr. Thomas to Mr. Fred, a pawnbroker, and offered to pawn it for $2. Mr. Fred had his suspicions aroused and declined to take the watch, reporting the matter to the city police. Appellant then went to Mr. Lyons' pawn office, and pawned it for $2, giving his name as Johnson or Thompson. He told the pawnbroker that he bought the watch and had given a negro $1.50 for it. That he had owned it six or eight months. Appellant was arrested in a few minutes after he had pawned the watch, having the pawn ticket and money in his possession. Cullen Nobles was with him when arrested. Without reciting more of the testimony, this shows that the testimony offered by the State amply and fully supports the verdict. Appellant's counsel, in his argument before this court, recited testimony not in the record that he says he has discovered since the adjournment of court. This, of course, we can not consider. We can only look to the record as made in the trial court. If evidence has been discovered since the trial of the case and adjournment of court for the term, there is no

provision of law authorizing or permitting us to take it into consideration in passing on the case.

Judgment affirmed.

*Affirmed.*

Prendergast, Judge, absent.