### EARL PENDERGRASS v. THE STATE.

No. 7433.   Decided October 24, 1923.

Rehearing denied May 7, 1924.

**1.—Possession of Intoxicating Liquor—Argument of Counsel—Moral Turpitude.**

A misdemeanor theft is an offense involving moral turpitude and an inquiry as to the appellant's connection therewith was proper, and testimony of the pendency of the theft charge was admissible as affecting the credibility of appellant as a witness, and the argument of the district attorney thereon was in no wise improper.

**2.—Same—Charge of Court—Bill of Exceptions.**

Where the bill of exceptions did not disclose what the theory of the appellant is, and the court derives therefrom no information which would enable it to appraise the weight of said objection to the charge of the court, there is no reversible error.

**3.—Same—Rehearing—Objections to Argument—Rule Stated.**

Trial courts rule upon objections as made, and one who makes an objection to an extended argument as a whole, part of which is proper, has no right to complain that the court declined to sustain the objection made, just as one who objects to testimony as a whole, part of which is admissible, is in no position to have said objection considered, and there is no reversible error.

Appeal from the District Court of Jones.   Tried below before. the Honorable W. R. Chapman.

Appeal from a conviction of unlawfully possessing intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Lon A. Brooks,* for appellant.—On question of argument of counsel: McKinley v. State, 106 S. W. Rep., 342; Walker v. State, 206 id., 96; McIntosh, v. State, 213 id., 659: Glanges v. State, 220 id., 95 Brookerson v. State, 225 id., 375; Stiles v. State, 239 id., 963.

97 T. C.—27.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jones County of the offense of possessing intoxicating liquor for the purpose of sale, and his punishment fixed at one year in the penitentiary.

From the State's testimony we learn that appellant had agreed to sell liquor to one Davis and that he met him at a certain point and had in his possession two quarts of whisky. Davis testified that appellant had told him the price of the liquor was ten dollars a gallon. Davis produced a five dollar bill and according to the testimony of the chief of police of Stamford, who witnessed the transaction, he handed the five dollar bill to appellant. At this point said chief of police took part in the transaction and took charge of appellant and his whisky.

There is but one bill of exceptions in the record which reflects appellant's complaint of certain argument of the district attorney. In substance the argument was a statement of the fact that appellant had testified that he had never been charged with any offense, but when the district attorney took him on cross-examination he admitted that there was pending against him an indictment for theft in the county court; and that if appellant would lie about the fact of his having been charged with any offense, he might be giving false testimony about every other fact testified to by him. A misdemeanor theft is an offense involving moral turpitude and the inquiry of appellant was proper and testimony of the pendency of the theft charge was admissible as affecting the credibility of appellant as a witness. The argument of the district attorney seems in nowise improper.

The only exception to the court's charge is that it does not affirmatively present the theory of the defense, but there is nothing in said exception showing what the theory of the appellant is and the court derives therefrom no information which would enable us to appraise the weight of said objection.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

### ON REHEARING.

### May 7, 1924.

LATTIMORE, JUDGE.—The only matter complained of in this motion is that we should have reversed the case because of the argument of the district attorney, and it is urged that we did not con-

sider said argument in its entirety; that when so considered it would appear that same was necessarily harmful. We quote from the bill of exceptions a part of said argument:

"Gentlemen of the jury, the defendant testified on direct examination that he had never been chargd with any offense, but when I took him on cross-examination and got in after him he admitted that there was now pending against him in the county court of this county an indictment for stealing some automobile batteries. Of course. the fact that the defendant stole these automobile batteries has nothing to do with this case, except you should consider said testimony of the defendant in passing on the credibility of the defendant as a witness in his own behalf and of the weight to be given his testimony. If he testifies falsely about this, then he may be testifying falsely about every other fact testified to by him in this case."

The bill of exceptions reflects the fact that defendant objected to all of said remarks and asked the court to instruct the jury not to consider same for any purpose, which request was refused. The bill of exceptions further proceeds to set out the fact that appellant had testified on direct examination that he had never been charged with anything, and that on cross-examination he admitted that he was under appearance bond, that they had an indictment against him and that he had forgotten about this matter. On his re-direct examination he testified that he was arrested for the theft of some automobile batteries and that he told the officers that he bought the batteries and went with the officers to the party from whom he claimed to have bought them and that this party informed the officers that he had sold them to appellant.

It is thus made to appear that the appellant did admit upon cross-examination a fact which he had denied upon direct examination, and in such case it would be perfectly proper and permissible for the district attorney to discuss that fact. It is now insisted in the motion for rehearing that the statement of the district attorney in said argument that "the fact the defendant stole these automobile batteries has nothing to do with this case," etc., was hurtful and improper because the appellant had shown by testimony in the case that he did not in fact steal the batteries. We have above set out the objection that was made by appellant for the purpose of showing that he did not direct his objection at the part now claimed as hurtful, but directed his objection *to all* of the argument above quoted. Trial courts rule upon objections as made and one who makes an objection to an extended argument as a whole, part of which is proper, has no right to complain that the court declined to sustain the objection made. One who objects to testimony as a whole, part of which is admissible, is in no position to have said objection considered. It is manifest from a consideration of the argument quoted that the State's attorney was discussing the testimony of the appel-

lant.   He expressly says to the jury in that connection that they should consider *the testimony of the defendant* in passing on his credibility as a witness, and refers to his conclusion that if the accused would testify falsely about this, then he might be testifying falsely about every other fact.   The only thing appearing in the testimony showing that the accused had testified falsely was that he had originally denied having been indicted and on cross-examination had admitted this fact.   This was the thing to which the argument of the district attorney was directed, and this must have been in the mind of the trial judge when passing upon the objection made by appellant.   If appellant had seen fit to direct the objection to the particular matter complained of here at this time, the learned trial judge would probably have sustained the objection, though the matter would appear to be of small materiality and not to have influenced the jury inasmuch as they gave to appellant the minimum penalty.   The conviction was for possessing intoxicating liquor for purposes of sale.   Two witnesses testified to the fact that appellant had whisky in his possession and offered it for sale to witness Davis who agreed to take it, and Davis had a five dollar bill in his hand and was in the act of delivering the money to appellant when the officers came upon them and arrested them and took charge of the whisky.

Believing no error was committed by the trial court in refusing to sustain the objection as made to the argument, and that the matter was properly disposed of in the original opinion, the motion for rehearing will be overruled.

*Overruled.*