JIM WAY v. THE STATE.

<i>No. 908.   Decided April 22nd, 1896.</i>

**Local Option—What Constitutes a Sale.**

On a trial for violation of local option, where it appeared that the defendant who was the owner of no beer and not engaged in the liquor traffic, received money from a party in a local option district with which to buy for him a keg of beer outside the local option district and ship the same to him, in said local option district, which he did. Held: That defendant was the agent of the purchaser, and not of the seller, and not being shown to be interested in the profits his conviction for the sale could not be sustained.

APPEAL from the County Court of Parker. Tried below before Hon. J. L. L. McCALL, County Judge.

This appeal is from a.conviction for a violation of local option, the punishment being assessed at a fine of $25 and twenty days' imprisonment in the county jail.

The opinion states the case.

*Albert Stevenson*, for appellant.—If appellant took the order and money in the prohibited district and carried same to Green in Mineral Wells, but did no more, and Green then separated this beer from his other kegs, loaded same on carrier at consignee's risk, then the sale was at Mineral Wells, and not in the prohibited district, and appellant would not be guilty under the law. Tied. Sales, Sec. 85, and authorities there cited; Kerwin. v. Doran, 29 Mo. App., 397; Garbracht v. Com., 96 Pa. Stat., 449; Dunn v. State, (Ga.) 8 S. E. Rep., 606; State v. Wingfield, 22 S. W. Rep., 363.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted for ·violating the local option law in Precinct No. 4 of Parker County. The State's case,

in substance, is:   That on the 20th day of October, 1895, at a railroad depot, known as "Rock Creek Station," in said Precinct No. 4, the defendant received from one Monbrome $2.50 in money, for which the defendant was to send him, from Mineral Wells, beyond the boundaries of said local option precinct, one keg of beer; that the defendant left said Rock Creek Station on the next outgoing train for Mineral Wells, and during the same day, on the return train, a keg of beer was shipped to said Monbrome, at said Rock Creek Station, within the prohibition territory.   It is an unquestioned fact, from this record, that the defendant owned no beer, at Mineral Wells or anywhere else, and the money was handed to the defendant by Monbrome, with the request that the defendant send him said beer.   The transaction is denied by the various witnesses for the defendant, all of whom were eye witnesses to the transaction at Rock Creek Station.   According to their testimony, the defendant collected from one Popineau $2.50 for one Tom Green, who was a saloon man residing and doing business at Mineral Wells.   This money was paid to the defendant by said Popineau for a keg of beer previously ordered from Green by Popineau, and which had been drank previous to the payment.   This, in substance, is the testimony in this case.   As we understand, the testimony for the State, and upon which it must rely for a conviction, if one is obtained, is as stated above.   Under these facts, we are of opinion that, if defendant received the money from Monbrome, with the instructions to send him a keg of beer, he was the agent of Monbrome to make the purchase; and, inasmuch as he was not engaged in the liquor business, owned no beer, and controlled no beer at Mineral Wells, nor interested in selling beer, nor in the profits arising from sale of beer, that he could not be held as a seller; and, in this case, under the facts, he was the agent of Monbrome to make the purchase for him, and in no wise, under said facts, could he be the seller.   The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*