### HOMER PERRYMAN v. THE STATE.

No. 3406.   Decided February 3, 1915.

Rehearing denied March 3, 1915.

**1.—Delivering Intoxicating Liquors—Local Option—Indictment—Negative Exceptions.**

By section 12 of the Act of August 21, 1913, it is specifically provided that it shall not be necessary in a prosecution under said Act to negative the exceptions, but such exceptions shall be available as purely defensive matters, and, where the indictment was otherwise sufficient, there was no error in overruling a motion to quash. Following Johnson v. State, 75 Texas Crim. Rep., 177.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of transporting, carrying and delivering intoxicating liquors to a person living in local option territory, the evidence sustained the conviction, there was no error. Davidson, Judge, dissenting.

**3.—Same—Evidence—Other Transactions.**

Upon trial of unlawfully transporting and delivering intoxicating liquors into local option territory, testimony was admitted as to other similar transactions, there was no reversible error. Following Hardgraves v. State, 61 Texas Crim. Rep., 325, and other cases.

**4.—Same—Evidence—Unwilling Witness—Refreshing Memory.**

Upon trial of felony, where the record on appeal showed that the prosecuting witness was a very unwilling witness, there was no error in permitting the district attorney to read over said witness's testimony on the examining trial for the purpose only of refreshing the memory of the witness.

Appeal from the District Court of Titus. Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of unlawfully transporting, carrying and delivering intoxicating liquors into local option territory; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*T. C. Hutchings,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—The indictment in this case avers that the law prohibiting the sale of intoxicating liquors had been

put in full effect in Titus County in 1913, and that on or about May 30, 1914, in said county, appellant "did then and there unlawfully bring, transport and carry into said county, intoxicating liquors for one Ed Ervin, and did then and there deliver intoxicating liquors to said Ed Ervin, and did receive for transportation, carriage and delivery to Ed Ervin, in said county, intoxicating liquors, said liquors being received by said Homer Perryman, in Dallas County, Texas, from some person or persons who are to the grand jurors unknown." This indictment was preferred under the Act of August 21, 1913, page 62 of the First Called Session of the Thirty-third Legislature.

The appellant made a motion to quash the indictment, "because it charges no offense against the laws of this State." The indictment is clearly sufficient under the provisions of said Act. While it is true the Act specifies many things as exceptions which would not be unlawful in bringing, transporting, carrying and delivering intoxicating liquors into prohibition territory, by section 12 it is specifically provided that it shall not be necessary in any prosecution under said Act to negative the exceptions, but such exceptions shall be available to the defendant as purely defensive matters. Johnson v. State, 75 Texas Crim. Rep., 177, 171 S. W. Rep., 211.

The evidence is amply sufficient to sustain the conviction. It shows, in effect, that said Ed Ervin was a minor sixteen years of age; that he and several other persons gave appellant money to go to Dallas, get intoxicating liquors, bring it from there back into Titus County and deliver it to them; that he did go to Dallas County, procured the liquor, carried it back into Titus County and at the same time and place delivered part of it to said Ervin and other parts of it to the said several other persons. He himself testified that these several persons gave to him money to go to Dallas and get them intoxicating liquors, and that he did do so and carried it back into Titus County; that after he got back into Titus County with the liquor he got with a companion and they drank part of it themselves and that he got drunk, and that if he delivered any of the whisky to them he didn't know it, because he was drunk; that he made no profit out of the whisky and what he did was an accommodation for said parties; that they paid his expenses, railroad fare and hotel bills, in addition to giving him the money with which to buy the liquor.

By one bill it is shown that the court permitted, over his objections, Birt Binnion to testify that on or about May 30, 1914, he gave appellant $3 in money to go to Dallas and get him some whisky; and by another that the court permitted Geo. Tosh to testify that on the same date he gave appellant $10 for the same purpose. And by another, that he required appellant to testify that Fon Lee, said Binnion and Tosh gave him money to go to Dallas and bring back whisky into said county for them. In each of said first two bills the court explained that he permitted this testimony because the liquor was carried into Titus County at the same time, delivered at the same time and place and was part of the res gestae and showed system. And to the latter he made

the same explanation, and in addition that said whisky was brought into the county for all of said parties at the same time as to said Ervin, and was delivered at the same time and place and was part of the res gestae and showed system; and that the said Ervin at the time was a minor, only sixteen years of age, and that the bringing of said whisky into Titus County was for a minor and for an unlawful purpose. As explained and qualified by the judge, which was accepted by appellant, no error in the admission of said testimony is shown. Hardgraves v. State, 61 Texas Crim. Rep., 325, and cases cited; Ware v. State, 36 Texas Crim. Rep., 597; Kelly v. State, 31 Texas Crim. Rep., 211; Kaufman v. State, 70 Texas Crim. Rep., 438, 159 S. W. Rep., 58; Dugat v. State, 72 Texas Crim. Rep., 39, 160 S. W. Rep., 376, and cases cited therein.

By another bill it is complained that the court, over his objections, permitted the testimony of said Ed Ervin on the examining trial to be read to him in the presence of the jury. The court, in approving the bill, qualified it by stating that said Ervin was a very unwilling witness and that it was with very great difficulty that the district attorney could get him to testify; that he permitted the district attorney to read over his said testimony on examining trial for the purpose only of refreshing his memory, which seemed to be a blank, and that he instructed the jury at the time, orally, and also in his written charge, not to consider his testimony at the examining trial read over to him, for any purpose, as it was only permitted to refresh the memory of the witness. As qualified this bill shows no error.

The lowest penalty prescribed by law was assessed against appellant. No reversible error being shown, the judgment will be affirmed.

*Affirmed.*

DAVIDSON, JUDGE (dissenting).—I dissent. Longmire v. State, 171 S. W. Rep., 1165, and Ex parte Hopkins, 171 S. W. Rep., 1163, recently decided. These cases are in direct conflict with this opinion.

HARPER, JUDGE.—As the evidence does not disclose that the whisky was intended for the personal use of the persons receiving same, and this being an affirmative defense, and the amount of money contributed for the purchase of liquor strongly tending to exclude that such was the case, I agree to the affirmance.

[Rehearing denied March 3, 1915.—Reporter.]