DAVE SLAUGHTER V. THE STATE.

No. 18895. Delivered March 24, 1937.

180

The opinion states the case.

*Willis, Studer & Studer*, of Pampa, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of keeping and being interested in keeping a house where people resorted to gamble with dice, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the court erred in overruling his motion to quash the indictment on the ground that it was duplicitous, in this, that more than one offense is charged in the same count of the indictment. It is true that the different ways in which the statute may be violated are charged in the same count, but this does not make the indictment duplicitous because different phases of the same criminal act embraced in the same general definition and punishable in the same manner may be charged conjunctively in the same count. See Copping v. State, 7 Texas Crim. Rep., 61; Gage v. State, 9 Texas Crim. Rep., 259; Johnson v. State, 171 S. W., 211.

Appellant and Bryan Combs were jointly indicted. Appellant alone was put upon trial on the theory that he was a principal and to sustain such theory the State relied upon the following testimony: Bryan Combs owned the Y-Tavern situated on the highway between Pampa and LeFors. He rendered it for taxes, had obtained a beer license, and was engaged in the sale of beer and sandwiches. The building was about thirty or forty feet square and divided into rooms. The front room was used and equipped as a beer and cold drink stand and was also used as a place to dance. From this room a door opened into a hall on either side of which was a room. One was used as a ladies cloak room and the other by Combs as

sleeping quarters. At the end of the hall was another door which led into another room where gambling was carried on at times. There was some testimony by a lady who saw her husband playing a game of dice in the rear room where the dice table was and saw him lose twenty dollars. Another person testified that he played in said room and lost money and that he saw others play and lose money. The testimony fails to show that appellant was ever seen in the gambling room. There was also some testimony that slot machines were operated at times in the ball room. But there was no direct testimony that appellant had any connection therewith. Hence the State by circumstantial evidence sought to connect appellant with keeping and being interested in the keeping of a building, room or place for the purpose of being used as a place to bet, wager, or gamble with dice, etc.

The testimony shows that the officers made visits to the Tavern at intervals of two to three times each week, but at no time did they observe any gambling in any room or discover any slot machines in the ball room. The visits were generally made at night and during such visits they would see the appellant about the premises bare-headed and in his shirt sleeves standing around talking to different people. Buford Reed, a deputy sheriff, testified:

"I have been out there any where from one to three times a week. I saw the defendant out there approximately once or twice a week. Sometimes I would see him and sometimes I would not see him; sometimes I would ask him how business was getting along at the Tavern. If he had a good crowd, he would say 'pretty good'. If there was no crowd there, he would say it was not good. He talked to us about drunks. I believe he had us to pick up some drunks out there. I do not know whether it was just at his request. I know that we brought some drunks away from there."

The above and foregoing are substantially the salient circumstances proven upon the trial. These may be considered suspicious circumstances, but it can hardly be said that they measure up to the requirements of the law that the circumstances proven must be of a conclusive nature, leading on the whole, to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the accused was a principal as the term "principal" is defined by statute, and was connected with the commission of the offense in some manner that would constitute him a principal. It is not sufficient that the circumstances coincide with, account for, and therefore render

probable the guilt of the defendant; they must exclude every other reasonable hypothesis except that of the defendant's guilt. The fact that every time the officers saw him out there he would be bare-headed and in his shirt sleeves does not show that he was running a gambling house or was connected therewith. The Tavern was a public place where people assembled for amusement and appellant had a right to go there attired suitable for his comfort and his taste as often as he desired. The fact that upon inquiry by the officers of how business was he would say it was pretty good when there was a large assemby of people and not so good when there were no visitors was but an expression of an opinion based solely upon the number of visitors in attendance. Such an opinion might have been expressed by anyone who was not interested in the business of the sale of beer, cold drinks, etc., at the Tavern as well as one who was interested therein without any reference to gambling. To sustain a conviction it should appear not only that the offense as charged was committed, but there should also be proof tending to establish that the party charged was the person who committed it or was participant therein to a degree of certainty greater than a mere probability or strong suspicion.

Having reached the conclusion that the testimony does not measure up to the requirements of the law, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.