### CLARANCE CHRIST LOVING V. STATE.

No. 24112. October 27, 1948.
Rehearing Denied November 17, 1948.

Hon. W. E. Grimes, Judge Presiding.

*Smith, Cunningham & Boling,* of Lubbock, for appellant.

*John B. Stapleton,* District Attorney, of Floydada, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged by complaint and information with the sale of whiskey in a dry area. His punishment was assessed at confinement in the county jail for a period of nine months and a fine of Five Hundred Dollars.

Appellant's first complaint is that there is a variance between the complaint and information, in this, that in the complaint it is charged that "on or about the 21st day of February, A. D. 1948, and before the making and filing of this complaint, in the County of Floyd, State of Texas, Clarance Christ Loving, did then and there unlawfully sell, * * *," whereas, the information charges that "on or about the 21st day of February, A. D. 1948, one Clarance Christ Loving, heretofore, on the 21st day of February, A. D. 1948, in said County and State, did then and there unlawfully sell an alcoholic beverage containing alcohol in excess of four per cent by weight, to-wit: whiskey, in a dry area, * * *." He claims that the information fails to charge that the offense was committed prior to the filing of the

information. We cannot agree with this contention because the same is not tenable. The word "heretofore" in the information is tantamount to an averment that the offense was committed anterior to the making and filing of the information. See Wilson v. State, 15 Tex. App. 150; Taylor v. State, 76 Tex. Cr. R. 642; and Collins v. State, 77 Tex. Cr. R. 156. We therefore overrule this contention.

By Bill of Exception No. 1 he complains of the action of the court in overruling his motion for a peremptory instruction to the jury to acquit him. We see no merit in this bill since the evidence is sufficient to support his conviction.

By Bill of Exception No. 2 he complains of the following remarks by the district attorney in his closing argument to the jury, to-wit: "The time has come when officers of Floyd County ask you for your backing, and if you do not wish to do that they can't enforce the law no matter how zealously they try to enforce it. A one-hundred-dollar fine will not stop law violations. If it would, that is all I would ask. They can make that much profit off of a few cases of liquor." His objection to the remarks complained of was that it was inflammatory, prejudicial, and not based on any evidence. We think that this bill is really deficient in that it fails to show that it was not provoked by appellant's attorneys, nor was there any request made to instruct the jury not to consider the same. In support of the opinion here expressed, we refer to the following authorities: Davis v. State, 32 Tex. Cr. R. 377; Miller v. State, 35 Tex. Cr. R. 209; Morris v. State, 35 Tex. Cr. R. 313; Levine v. State, 35 Tex. Cr. R. 647; Beason v. State, 43 Tex. Cr. R. 442; Dodd v. State, 44 Tex. Cr. R. 480; Busby v. State, 48 Tex. Cr. R. 83; and Felder v. State, 59 Tex. Cr. R. 144. Moreover, he made a blanket objection to the entire argument, part of which was not improper, therefore, he should have specifically pointed out the improper argument, and addressed his objection thereto. See Newton v. State, 114 Tex. Cr. R. 537; and Pendergrass v. State, 97 Tex. Cr. R. 417.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

We are again presented with the proposition that the information is fatally defective in failing to allege that the offense charged therein took place prior to the filing of the information, and we repeat that we are impressed with the belief that the phrase, "heretofore, on the 21st day of February, A. D., 1948, in said County and State, did then and there unlawfully sell and deliver", etc., meets the requirements of the law.

The original opinion herein was in error wherein it was said that the argument complained of in Bill No. 2 was not shown to have been in reply to or invited by the appellant's attorney. That statement is found in the preliminary paragraph of the bill and was overlooked by us. Therefore, our statement to the contrary is in error and it is withdrawn. However, the ground in the opinion holding such bill deficient we think to be sound. The argument objected to seems to us to be proper with the exception of the last line thereof where it was said: "they can make that much profit off of a few cases of liquor", which may have been objectionable, but the remainder thereof seems to have been legitimate argument; and we think that a failure to segregate same and instead to object to the whole argument is such a violation of the rules relative thereto as to leave no alternative than to hold that the whole bill presents no erroneous matter. We refer to the authorities cited in the original opinion.

The motion for rehearing will therefore be overruled.