BEARNA WATKINS V. STATE.

No. 24408. June 15, 1949.
State's Motion for Rehearing Overruled Without Written
Opinion) October 12, 1949.

560

*A. G. Henry,* Kaufman, and *W. H. Reid,* Dallas, for appellant.

*Robert K. Ramsey,* County Attorney, and *Fred V. Meridith,* Terrell, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is murder without malice. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the evidence is insufficient to sustain his conviction.

It was the theory of the state that the appellant, while intoxicated and under the influence of intoxicating liquor, drove his automobile into the automobile of the deceased causing it to collide therewith and inflict injuries upon the deceased from the effects of which he died. It was appellant's theory that he

was not intoxicated; that he did not drive his car into the automobile of the deceased, but that the deceased drove his automobile into that of the appellant and that he (deceased) caused the collision and the injuries to himself which caused his death.

The record reflects that on the 28th day of July, 1947, John Stewart and his family were traveling in an automobile on Highway 80 going from Longview to Cleburne. When they reached a point on said highway near the Van Zandt and Kaufman County line, their car and the car driven by appellant on said highway collided. The record shows that Stewart and family were going west while appellant was driving east. There was some testimony given by the officers to the effect that appellant was drunk at the time and place of the collision. There was also testimony given by the officers to the effect that when they arrived at the scene of the collision, anywhere from an hour to three hours after the occurrence, they noticed tire tracks from the south side over to the north side of the center line of the highway where the collision occurred which indicated to them that they had been made by appellant's automobile.

Two witnesses who lived near the highway, one on the north and the other on the south side of it, were sitting on their porches and saw the collision. They testified that just before the collision they heard a noise which sounded like a tire blow-out on the car traveling west and they noticed that the car turned over two or three times and then they heard the crash. Another witness, Bud Johnson, who lived near the highway and about two hundred yards east of where the collision occurred, testified that he was eating supper; that he heard a noise which sounded like a tire blow-out and immediately thereafter he heard the crash; that he went to the scene at once; that upon his arrival there he found one of his neighbors, Raymond Carnes, present; that at the suggestion of Carnes he went to a telephone and called an ambulance; that from the conduct of appellant, these witnesses did not think that he was drunk. Bud Johnson testified that the right rear tire of the Stewart car showed it had a blow-out. The foregoing is a brief statement of the salient facts proved on the trial.

The state's evidence as to who was the cause of the collision resulting in the death of Mr. Stewart rests principally upon circumstantial evidence, yet we would not be authorized to say that it is not sufficient to raise an issue of fact for the jury to determine. We therefore overrule appellant's contention.

By Bill of Exceptions No. 1, appellant complains of the action of the trial court in declining to sustain his motion to quash the indictment on the ground that Art. 802c, Chapter 507, of the Penal Code, as enacted by the Legislature in 1941, is unconstitutional. We do not deem it necessary to here discuss the question because the same question was before this court in the case of Ruedas v. State, 143 Tex. Cr. R. 291 (158 S. W. 2d 500), and in that case this court held adversely to appellant's contention.

By Bill of Exception No. 2 he complains of the court's action in declining to sustain his motion to quash the second count in the indictment based on the ground that it is duplicitous and multifarious in that it charges the defendant with committing the alleged offense while intoxicated and while under the influence of intoxicating liquor thereby charging two separate offenses. We see no merit in his contention, because if he was intoxicated he was under the influence of intoxicating liquor. Moreover, the state charged intoxication and while under the influence of intoxicating liquor in the conjunctive and not disjunctive. Where there are various ways set forth in the statute by which the offense may be committed, if the pleader desires to charge more than one of such ways, it is proper that the various methods be charged conjunctively. See Johnson v. State, 75 Tex. Cr. R. 177 (171 S. W. 211) ; and Venturio v. State, 37 Tex. Cr. R. 653 (40 S. W. 974).

By Bill of Exceptions No. 3 he complains of the following remark by special prosecutor in his opening argument to the jury, to-wit: "This nigger tells you that he gave his wife gin for high blood pressure. Now, you and I know that liquor is bad for high blood pressure." Appellant objected thereto on the ground that it was highly inflammatory, prejudicial and calculated to excite and mislead the jury. The court promptly sustained the objection. The evidence, as disclosed by the record, shows that he did mix gin· and garlic and give it to his wife· as a medicine for relief of high blood pressure, however, there was no evidence that it was bad for high blood pressure or that the appellant knew that it was bad. Consequently, appellant should have addressed his objection to that part of the remark not in evidence. This he did not do. He contented himself with a blanket objection to the entire remark which was insufficient. See Andrews v. State, 199 S. W. 2d 510, and cases there cited on the subject. See also McKinney v. State, 80 Tex. Cr. R. 31 (187 S. W. 960) ; Ghent v. State, 76 Tex. Cr. R. 523 (176 S. W. 566) ; and Ortiz v. State, 68 Tex. Cr. R. 524 (151 S. W. 1056).

By Bill of Exceptions No. 4 he complains of the following remark by private prosecutor, to-wit: "Mr. Stewart is dead and cannot be here to testify and are you going to believe this nigger?" Appellant objected to this argument on the same ground as in Bill No. 3. What we have said in disposing of that bill applies here.

Bills of Exception Nos. 5, 6, 7, 8, and 9 also complain of certain remarks of private prosecutor in his opening argument to the jury. All of these bills have been examined by us and are deemed to be without merit. It is not every improper remark of the prosecuting attorney that calls for a reversal of the case See Moore v. State, 209 S. W. 2d; and Palm v. State, 195 S. W. 2d 354.

By Bill of Exceptions No. 10 he complains of the following remark by the county attorney in his closing argument to the jury, to-wit: "Defendant made this written confession (holding a paper in his hand which had not been admitted in evidence) and now he tries to swear differently from what he has there --." Appellant objected to the argument because said purported confession was not in evidence; that it had been excluded by the court when offered by the state; that it was highly inflammatory and prejudicial. The court sustained the objection and instructed the jury not to consider the same. The court qualified the bill by stating that the state on cross examination of appellant inquired of him as to every material fact stated in the purported confession. It occurs to us that since the purported confession was not admitted in evidence it was highly improper to parade it before the jury and tell them that he had sworn differently in his confession than he did while testifying in his own behalf on his trial. Art. 727, C. C. P., provides that "a confession shall not be used if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless made in the voluntary statement of accused, taken before an examining court in accordance with law, or be made in writing and signed by him; which written statement shall show that he has been warned by the person to whom the same is made: First, that he does not have to make any statement at all. Second, that any statement made may be used in evidence against him on his trial for the offense concerning which the confession is therein made."

Art. 727a, C. C. P., prohibits the use of evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas.

It is obvious that the county attorney in his argument violated the statutory provisions herein mentioned, and disregarded the rights secured to appellant by law.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the court.