José Roberto FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 35851.

Court of Criminal Appeals of Texas.

Oct. 30, 1963.

Rehearing Denied Dec. 11, 1963.

**688**

Albert Armendariz, El Paso, for appellant.

Edwin F. Berliner, Dist. Atty., Jack N. Ferguson and Sam W. Callan, Asst. Dist. Attys., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

By supplemental transcript it is now shown that notice of appeal was given in open court and entered of record, as required by Art. 827, Vernon's Ann.C.C.P.; therefore our opinion dismissing the appeal is withdrawn and the appeal is reinstated.

The appellant and four codefendants were jointly indicted for the murder of Francisco Puente, the indictment charging that the defendants did voluntarily and with malice aforethought kill the deceased by cutting and stabbing him with a knife.

A severance being granted, appellant was separately tried and convicted, and his punishment assessed by the jury at forty years' confinement in the penitentiary.

A companion case, in which a judgment of conviction of one of the codefendants, Antonio Parra Pineda, was affirmed by this court, is found in Pineda v. State, Tex. Cr.App., 367 S.W.2d 862.

The facts in the two cases are substantially the same, with the exception that no confession was introduced in evidence in the instant case.

Briefly, the state's testimony shows that on the day in question the state's witness Elodia Ontiveras observed five men beating a man who was lying on the ground across the street from her home. She proceeded outside and across the street, where she observed the man on the ground covered with blood and the five men cursing and beating him. She testified that during the altercation one of the men had an automobile bumper jack handle in his hand and that she saw a jack and stick lying on the ground near the deceased. Mrs. Ontiveras identified the appellant as one of the men beating the deceased and testified that during the altercation she heard the appellant say: " 'Show that you're just as brave as you used to be; show you are brave as you used to be.' "

Ricardo Galaviz testified that he observed the five men beating the deceased; that one had a bumper jack, one a stick, and one had a knife. He further testified that he was present when the five men got in **a** car and left the scene.

Officer Rodney Craig testified that he and his partner, Officer O'Leal, stopped a car with five subjects in it, which fit a description given in a radio broadcast; that Raul Aguilera was driving the automobile and appellant was one of the occupants. The officer stated that at such time some of the men had bloody clothing but appellant had no blood on him. He further testified that on the back seat of the automobile he and his partner found two knives, a letter opener, and a car jack and that one of the knives had fresh blood on it.

It was shown that the deceased suffered more than twenty slashing and stab wounds to the body, some of the wounds penetrating vital organs in the abdomen, which was the cause of death. In addition to the body wounds there were two blunt wounds on the deceased's head.

Appellant did not testify or present any defensive testimony to the charge.

Appellant's first contention is that the testimony of the state's witness Elodia Ontiveras was not credible as a matter of law and that, for such reason, the court erred in refusing to grant his motion to strike her testimony and declare a mistrial. Appellant insists that the witness's testimony was in material conflict with earlier testimony given by her, because she positively identified him in the present trial as one of the assailants and in another trial she identified by name two other assailants and for the further reason that when testifying in the instant trial she swore that five men were beating the deceased, whereas she stated to the police there were three men striking the deceased, and at the preliminary hearing she stated there were *about five* striking him.

An examination of the witness's testimony discloses no such conflict. On her cross-examination the witness swore that appellant was one of the two men whom she identified at the former trial. She also swore that she did not remember telling the police that there were only three men striking the deceased but that if she did,

such was wrong, as there were five men. She further stated that at the preliminary hearing she stated there were five men striking the deceased.

Under the provision of Art. 706, Vernon's Ann.C.C.P., the jury were the exclusive judges of the facts proved, and of the weight to be given to the witness's testimony. We find no merit in appellant's contention.

Appellant complains of the admission in evidence of the letter opener and the two knives found in the automobile; of the stick which the state's witness Elodia Ontiveras identified as the stick she saw lying on the ground by the deceased at the scene of the crime; and to the testimony with reference to the jack and jack handle. It is appellant's contention that such exhibits and instruments were not shown to have been connected with the crime and were therefore *beyond* the scope of the indictment. With such contention we do not agree.

The rule is well settled that in prosecutions for homicide the weapon with which the crime was committed, or alleged to have been committed, is admissible in evidence. The lack of positive identification of the weapon affects its weight as evidence rather than its admissibility. Wilson v. State, 163 Tex.Cr.R. 202, 289 S.W.2d 597, and Gonzales v. State, Tex.Cr.App., 361 S.W.2d 393.

Under such rule, the letter opener and two knives found in the automobile were admissible.

In Vol. 2, McCormick and Ray, Texas Law of Evidence, Sec. 1456, at page 302, it is stated:

"In criminal cases the present principle permits the introduction of any article, object or substance which is shown to have been a part or incident of the criminal offense charged, or means of committing it."

**690**

Under this principle, the stick found at the scene was properly admitted. The testimony relative to the bumper jack and handle was admissible under the provisions of Art. 1257a, Vernon's Ann.P.C., which provides that:

"In all prosecutions for felonious homicide the State or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing * * *."

Appellant's remaining complaint is to the court's charge. Objection was made to the charge on the ground that the court did not instruct the jury on the law of individual impulse of one of the other participants in the transaction. We have searched the record and fail to find where such an issue was raised. Objection was also made on the ground that the court did not charge the jury on the law of circumstantial evidence. There being direct evidence that appellant and his codefendants struck and beat the deceased, inflicting wounds which were the cause of death, rendered unnecessary a charge on circumstantial evidence. Barnes v. State, 90 Tex. Cr.R. 51, 232 S.W. 312; Miers v. State, 157 Tex.Cr.R. 572, 251 S.W.2d 404.

Appellant's final complaint is to that portion of the court's charge on principals, wherein the jury were, among other things, instructed that any person who advises or agrees to the commission of an offense and who is present when the same is committed, is a principal, whether he aided or not in the illegal act, and to the further instruction that mere presence at the time and place of the murder, if any was committed, does not constitute him a principal, and in order to constitute one a principal "it is necessary not only that he be present, but that he know the unlawful intent of the person perpetrating the offense, and he must also advise such person or agree to the commission of the offense by the person perpetrating it." Appellant objected to the instruction on the ground

that there was no evidence of any advice or agreement between the parties to commit the offense.

The proof of appellant's presence at the scene and his active participation with the other parties in the attack upon the deceased authorized the submission of such theory of principals to the jury.

In Thacker v. State, 131 Tex.Cr.R. 664, 101 S.W.2d 247, cited by appellant, where the evidence was held insufficient to sustain a conviction of the accused under such theory of principals, the accused was merely present and did not participate with others who committed the offense. Such are not the facts here, where appellant was present and did, along with his other companions, strike and beat the deceased.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.