**Saul FUTCH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36640.**

Court of Criminal Appeals of Texas.

March 4, 1964.

On Motion to Abate Appeal April 8, 1964.

Jack D. Bodiford, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for assault with intent to rob, with a prior conviction for an offense of like character alleged for enhancement; the punishment, ten years.

This is a companion case to McCutcheon v. State, Tex.Cr.App., 363 S.W.2d 457.

The state's proof shows that the injured party, Ross Lewis, was a co-manager of a Henke & Pillot grocery store in the city of Houston. On the date alleged, Lewis went to the store around six o'clock, a. m., opened the front door, and entered with other employees who had reported for work. After they entered, two men, both of whom were wearing stockings over their faces and armed with pistols, were discovered inside the store. One of the men, who was positively identified at the trial by the injured party and by another store employee as the appellant, proceeded to tell the injured party that "it was a holdup" and asked him to open the safe. At such time appellant was exhibiting a pistol, which was referred to by the witnesses as a "chrome plated .45." When the injured party stated he could not open the safe, he and appellant went to another part of the store where some other store employees were being held by appellant's companion, identified as one Red McCutcheon. Thereafter, on two occasions, the telephone rang and the injured party had two conversations with the other store manager, Albert Wright. After the telephone conversations, certain officers arrived upon the scene and the appellant and his companion fled through the back door of the building without having obtained any money. Before fleeing, appellant and his companion had been in the store with the injured party and the other employees for about an hour, during which time appellant

held the pistol on the injured party, causing him to be in fear of his life.

Appellant was arrested around 7:45 a. m., while running across a street some four or five blocks from the scene of the attempted robbery. Papers bearing the name "Futch" were found in the glove compartment of an automobile parked on a lot at the rear of the grocery store. The automobile was registered in the name of a person whose address was the same as that of appellant.

It was shown that on the morning in question, Mrs. A. J. Tupa, who lived two blocks from the grocery store, saw a man, who she stated resembled the appellant, "crouched down" on the front porch of a house next door.

Later in the day a chrome-plated automatic pistol, which was introduced in evidence as state's exhibit #1, was found in some bushes near where the man had been seen on the porch. The pistol was identified by the injured party as similar to the pistol exhibited by appellant on the occasion of the attempted robbery. It was also identified by the state's witness Vince Loverdi as the pistol which the witness had sold to the appellant several months prior to the attempted robbery. Loverdi based his identification upon the serial number on the pistol, and on a sales slip which he made out to appellant that was introduced in evidence as state's exhibit #2.

The prior alleged conviction was stipulated by the parties.

Appellant did not testify.

Appellant complains that the court erred in admitting in evidence state's exhibit #1 (the pistol) and state's exhibit #2 (the sales slip) for the reasons that the pistol was not sufficiently identified as the one sold to him and used in the crime, and a proper predicate was not laid to admit the sales slip in evidence as a business record, under the provisions of Art. 3737e, Vernon's Ann.Civ.St.

**760**

We find no error in the admission of the exhibits in evidence.

The injured party testified that the pistol (state's exhibit #1) was similar to the one used by appellant in attempting the robbery. The witness Loverdi swore that the exhibit was the same gun which he sold to appellant. The lack of positive identification of the pistol by the injured party affected its weight rather than its admissibility. Wilson v. State, 163 Tex.Cr.R. 202, 289 S.W.2d 597.

With reference to state's exhibit #2, the witness Loverdi swore that it was the sales slip which he *made out* in appellant's presence at the time he purchased the pistol and that he furnished appellant with a copy of the same. The witness further swore that he sold the pistol to appellant in a business transaction with the Freeway Gun Shop, where the witness was employed. The sales slip appears to have been made in the regular course of business and was properly admitted as a business record, under the provisions of Art. 3737e, supra, as an exception to the hearsay rule.

Our conclusion that the sales slip was properly admitted in evidence as a business record disposes of appellant's remaining contention that the judgment should be reversed because the conviction is based upon hearsay evidence.

The judgment is affirmed.

Opinion approved by the Court.

## ON STATE'S MOTION TO ABATE APPEAL

WOODLEY, Presiding Judge.

The state moves that pursuant to Section 5 of Article 932b V.A.C.C.P. we abate and suspend all proceeding in this cause for the reason that subsequent to our affirming the conviction, the appellant was found insane by a jury in the trial court and was committed to the Rusk State Hospital.

Section 5 of Article 932b, V.A.C.C.P., provides:

"When a defendant is found to be insane and committed to a State mental hospital under this Chapter, all further proceedings in the case against him shall be suspended until he becomes sane, except that upon motion of a defendant's counsel an appeal from a conviction may be prosecuted."

Appellant's counsel filed no motion for rehearing but has filed his objection to the appeal being abated or the proceedings suspended. He takes the position that the appeal has been terminated and that mandate should issue.

The provisions of Sec. 17 of Article 932–1, V.A.C.C.P., and Art. 34 V.A.P.C. relating to credit on sentence for time a defendant is confined in a state mental hospital suggest ample reason for his counsel's opposition to the abatement of the appeal.

The state's motion is overruled and the Clerk is directed to issue mandate.