**Wayne Edward PRYOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42308.

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

Rehearing Denied Feb. 18, 1970.

James L. Gallagher, El Paso (by court appointment), for appellant.

Barton Boling, Dist. Atty., Thomas F. Keever, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault; the punishment, fifteen years.

The jury in a joint trial found Wayne Edward Pryor, the appellant, and James Grigg guilty; the trial court assessed the punishment. Grigg did not appeal.

The record reflects that Grigg and appellant, armed with a pistol, robbed Ramona Losoya, the operator of a grocery store in Ysleta, of approximately twenty-five dollars.

In the first ground of error, appellant contends that he was denied counsel between the time of arrest and the indictment, a critical stage of the proceedings. The record reflects that the robbery was January 8, 1968; the arrest was on the following day. Appellant was indicted on February 29, 1968. The record shows that he had counsel at the trial but does not show when counsel was appointed. Assuming counsel was not appointed until after the indictment, his contentions will be discussed. Complaint is made that he was in a lineup without counsel. The record contains no evidence that a lineup was held. No objection was made when the complainant identified appellant at the trial as one of the robbers.

It is also contended that if an examining trial had been held counsel would have learned more about the case and could have better cross-examined the witnesses before the jury.

There is no showing that any of the witnesses refused to discuss the case with

counsel or that a request to take depositions was made. There is no showing that appellant was deprived of any constitutional rights by not having an examining trial.

Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, relied upon by appellant, is not controlling. There the right to plead insanity as a defense was lost under Alabama procedure, because it was not raised at the arraignment. The court also noted that other available defenses might be irretrievably lost if not then and there asserted as they are when an accused represented by counsel waives a right for strategic purposes.

This Court has held that an accused who had not received an examining trial prior to indictment was not entitled to a reversal. Klechka v. State, Tex.Cr.App., 429 S.W.2d 900. There is no showing of injury because he did not have counsel prior to indictment. No reversible error is shown. See Ibarra v. State, Tex.Cr.App., 444 S.W.2d 926.

The first ground of error is overruled.

In the third and fifth grounds of error, appellant contends that the gun and the statements made shortly after his arrest were inadmissible. The record reflects that appellant and Grigg were searched and arrested in El Paso at the Mexican border. Appellant was warned by a magistrate of his rights under Article 15.17, Vernon's Ann.C.C.P., within an hour and a half or two hours prior to making the oral confession. Detective Althoff testified that appellant told him that the gun which was used in the robbery was taken from him by the police in Mexico after he had waved it around in a bar. The record reflects that this statement led to the recovery of the .22 caliber pistol at a police station in Juarez, Mexico.

Article 38.22, Sec. 1(e), V.A.C.C.P., provides that oral statements of facts or circumstances made by a defendant " * * *

that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed" are admissible.

The record contains nothing to show that the confession was made because of fear, compulsion or persuasion. The statement and the gun were admissible. Scott v. State, Tex.Cr.App., 434 S.W.2d 678.

Complaint is also made that the gun was not positively identified by the complainant as a predicate to its introduction.

"As a general rule, * * * an object offered in evidence should not be rejected simply because it is not positively identified as the exact object that was connected with the crime or found in the possession of the accused." 23 Tex. Jur.2d, Sec. 389, p. 581.

See Futch v. State, Tex.Cr.App., 376 S.W. 2d 758; Flores v. State, Tex.Cr.App., 372 S.W.2d 687; Gonzales v. State, Tex.Cr. App., 361 S.W.2d 393; and Wilson v. State, 163 Tex.Cr.R. 202, 289 S.W.2d 597. No error is shown.

The third and fifth grounds of error are overruled.

In the fourth ground of error, it is contended that reversible error was committed when the trial court admitted into evidence State's Exhibit No. 5, a receipt dated January 9, 1968, (the date of the arrest) reciting that Wayne Edward Pryor paid a 248 peso fine in Mexico.

In view of the record and particularly the testimony that appellant told Detective Althoff that the officers in Mexico had taken the gun from him in a bar, we conclude that its introduction did not injure appellant. The logical conclusion was that the fine was connected with his possession of the pistol. See 5 Tex.Jur.2d, Sec. 444, p. 696. No reversible error is shown.

The fourth ground of error is overruled.

In the sixth ground of error complaint is made that there was fundamental error in the court's charge, because the indictment alleged that the property was taken from the person *and* possession of the complainant, and the charge permitted the jury to convict if the property was taken from the person *or* possession of the complainant.

An indictment which alleges that the property was taken from the person and possession of the prosecuting witness may be supported by proof of a taking from his possession only. Blankenship v. State, 166 Tex.Cr.R. 51, 310 S.W.2d 579.

Cain v. State, 136 Tex.Cr.R. 275, 124 S.W.2d 991, held that where an indictment charges the commission of the robbery from the person and possession of complainant in the conjunctive, the jury may be instructed disjunctively, as was done in the present case. No error is shown; the sixth ground of error is overruled.

In the seventh ground of error, it is contended that reversible error was committed because the court would not permit appellant's attorney to make a second argument to the jury. Article 36.08, V.A.C.C.P., provides:

"The court shall never restrict the argument in felony cases to a number of addresses less than two on each side."

This is a matter of discretion with the trial court where an accused has only one attorney. The rule is found in 1 Branch's Ann.P.C.2d, Sec. 378, p. 399:

"In prosecutions for felony the court should not restrict the argument of counsel to a less number of addresses than two on each side, but it is within the discretion of the court whether the same counsel for defendant may make more than one argument to the jury."

No abuse of discretion has been shown; the seventh ground of error is overruled.

The judgment is affirmed.