**Lloyd Joseph DOW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45940.**

Court of Criminal Appeals of Texas.

March 28, 1973.

Rehearing Denied April 11, 1973.

John P. Mustachio, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Thomas C. Dunn, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted of murder with malice on his plea of not guilty before a jury; the punishment, six years.

There are two grounds of error in appellant's brief, the action of the court in admitting an oral confession and the insufficiency of the evidence.

Riley Barnett died on October 19, 1970, from a shotgun wound in his abdomen which he received on October 14, 1970.

Lacy Leonard Demery testified that he lived in the same neighborhood as Riley Barnett and that he knew the deceased in his lifetime. He stated that on the evening of October 14, 1970, he was on his way home and was passing the back door of Riley Barnett's home when he heard a shot come from inside Riley's house. He immediately thereafter saw the appellant, whom he had known for about two years, come out of the back door of Riley's house, carrying a shotgun. The appellant ran down the street and out of sight.

Riley's next door neighbors, Alvin Davis and Mr. and Mrs. King, all known to Lacy, came out of their apartment after the shot and went into the Barnett apartment with Lacy. Inside the apartment, they saw Riley lying on the floor bleeding profusely from a large hole in his side.

Mrs. David King testified that she and her husband and Alvin Davis lived next door to Riley Barnett. She stated that she first saw the appellant, whom she knew, on the date of the shooting about 5:30 P.M. He knocked at Riley's door but received no answer and then left in a blue car. She next saw the appellant on that date a few minutes to 10:00 o'clock in the evening. He was running down the street toward his house. At the time she saw appellant running, she was looking out her back door because she and her husband had heard a shot and her husband told her to go see what had happened. She stated she did not have any difficulty in recognizing the appellant because there was a big light on the rent office which was just opposite from where she saw appellant running. After she called the police, she went into the Barnett apartment where she saw Barnett lying on the living room floor. She said she looked in and it "made me sick. So I just left out." The police and the ambulance arrived and Barnett was taken away.

Alvin Davis testified that about 10:00 o'clock in the evening of October 14, 1970, he heard a gunshot sound coming from Riley Barnett's apartment next door. He went outside on the sidewalk and there saw Lacy Demery and a short time later was joined by his cousin, David King. He testified that Lacy went inside the Barnett apartment but he did not.

Houston police officer, E. B. Salinas, answered a call in regard to the shooting and made the initial investigation at the scene. He testified that Riley Barnett was still lying on the floor with a shotgun wound in his lower left abdomen. He fur-

ther testified that no windows in the apartment had been broken nor had there been any entry from the outside by the pellets of the shotgun and that the deceased had been shot from the inside of his own apartment.

Appellant was arrested on October 19, 1970, at his home, which was shown to be approximately half-a-block away from the duplex occupied by the deceased. After his arrest, he was taken to the police station where he was given the statutory warning. Subsequently, appellant made an oral stateement to the police officers in which he admitted shooting Barnett with a shotgun. He told the officers where the gun with which he shot Barnett could be found and the officer testified that prior to receiving this information from the appellant, he had not known of the existence of the gun nor of its location. Prior to admitting testimony with respect to appellant's oral confession, the trial court conducted a hearing outside the presence of the jury and thereafter made specific findings of fact in which he concluded that the statement was admissible as an oral confession and had been freely and voluntarily given after the required warnings.

Appellant offered the defense of alibi. He testified in his own behalf and in addition presented the testimony of three alibi witnesses, William Joseph Goins, Robert Taylor and Robert Anderson.

The jury was instructed on the law of circumstantial evidence, alibi and accident and returned a verdict finding the appellant guilty of murder with malice.

The shotgun recovered by the officers after appellant told them where it was, was taken apart and would not fire in its then condition. It was a short barrelled gun, and Lacy Demery said it was not the gun he saw in appellant's hands because the gun he saw appellant with had a much longer barrel.

Appellant, in addition to his testimony of alibi, denied making an oral confession to the police officers, but admitted a prior difficulty with deceased and admitted that he told them where the gun was that was admitted into evidence.

Did the conflicting evidence as to the gun in question being the gun used to kill deceased render the oral confession inadmissible?

Article 38.22, Sec. 1(e), Vernon's Ann. C.C.P., provides that oral custodial confessions are admissible if in connection with said confession he "makes statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument *with which he states* the offense was committed."

■ The lack of positive identification of the murder weapon goes to its weight and not to its admissibility. Chavira v. State, 167 Tex.Cr.R. 197, 319 S.W.2d 115; Wilson v. State, 163 Tex.Cr.R. 202, 289 S. W.2d 597.

The requirements of Article 38.22 were fully met because appellant stated the condition and location of the gun, which were found to be true, and *stated that he used the gun to shoot deceased,* and this conduced to establish his guilt.

■ We conclude that the oral confession was properly admitted into evidence, and that the evidence is sufficient to support the verdict.

Appellant's grounds of error are overruled and the judgment is affirmed.

Opinion approved by the Court.