**Anthony Fitzgerald TURNER,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–84–0606–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 13, 1985.

Rehearing Denied July 18, 1985.

Allen C. Isbell Houston, for appellant.

Michael J. Guarino, Galveston County Dist. Atty., Galveston, Susan W. Burris, Galveston County Asst. Dist. Atty., Galveston, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a conviction of aggravated sexual assault. Punishment was assessed by the jury at 40 years confinement. Appellant does not challenge the sufficiency of the evidence.

On September 28, 1983, at approximately 11:30 p.m., the complainant returned home from a trip to the grocery store. As she was taking a bag of groceries from her car, a man grabbed her from behind, held a knife to her throat, threatened her, and dragged her into a neighbor's backyard where he raped her. After escaping, the complainant ran naked to her house, screaming her daughter's name.

Earlier that evening, the complainant's daughter heard a thumping noise from the back porch area. She thought that it was some object in the clothes dryer, and did not investigate the noise until the following day. The screen door leading from the outside into the wash/storage area had been cut. She observed muddy footprints on top of the washer/dryer and handprints on the sides of the screen door and on the ceiling next to the attic door. The prints were later identified as the appellant's.

On October 28, 1983, the appellant made a written statement in which he admitted that he had burglarized a place in Galveston about a month earlier by entering the washroom through a screen door. Once inside, he climbed onto a washing machine and pushed open an attic door. After leaving, he went around the corner of the house where he observed a woman with a grocery bag and purse getting out of the car. He stated that he snatched her purse and ran.

The complainant did not identify the appellant as her attacker. The jury was presented with the circumstances testified to by the complainant and her daughter, and the appellant's written statement. The verdict confirms that the jury believed not

only that the appellant's statement referred to the same event testified to by the complainant, but also that the complainant's attacker did more than snatch her purse.

■ Appellant's first of five grounds of error asserts that the prosecutor's jury argument improperly invited jurors to consider parole law during punishment deliberations and thereby constituted reversible error.

Appellant generally objected to the following two passages of jury argument by the prosecutor:

> You look at the pen packets as to this sentence that has been imposed previously, and look at the date the sentence was imposed, and look at the details of that offense, and look at how long he stayed up in the Texas Department of Corrections.
>
> You look at the date—
>
> MR. HINES: Your Honor, I am going to object to this line of argument.
>
> THE COURT: I sustain the objection.

After the appellant received this favorable ruling from the trial court, he requested no further relief. He has not perfected an appeal on this point by pursuing an instruction to disregard or a motion for mistrial. *Duran v. State*, 505 S.W.2d 863, 866 (Tex.Crim.App.1974).

\* \* \*

■ The second contested portion of the argument was treated differently:

> ... I, as a Prosecutor, ask that you assess a punishment of life in this case based upon the evidence presented, based on the testimony, based on your verdict of guilty yesterday, and based on this Defendant's criminal history at this age. Three misdemeanors, two felonies within a period of about two years, and he serves five or six months.
>
> MR. HINES: I will object again to that line of argument, Your Honor.
>
> THE COURT: All right. The argument has been made. Overrule the objection.

The State asserts that trial counsel's non-specific objection could have arguably related to any portion of the prosecution argument. We agree in theory, but not in its application. Although a blanket objection to the prosecutor's argument, part of which is relevant and proper, is not sufficient, *Wilson v. State*, 163 Tex.Cr.R. 202, 289 S.W.2d 597, 600–01 (1956), the objection in question comes so soon after the prior disputed argument—clearly relating to possible parole and inviting the jury by implication to consider parole law—that we conclude that the court necessarily knew from whence the objection came. No waiver results from a general or imprecise objection, where the correct ground of exclusion was clearly ascertainable or obvious to the court. See *Zillender v. State*, 557 S.W.2d 515 (Tex.Crim.App.1977); McCormick & Ray, *Evidence*, sec. 25, p. 25 (2d ed. 1956).

Appellant cites numerous cases which held prosecutorial arguments impermissible when they discussed parole law. *See Clark v. State*, 643 S.W.2d 723 (Tex.Crim. App.1982); *Kearney v. State*, 630 S.W.2d 934 (Tex.Crim.App.1982); *Marshburn v. State*, 522 S.W.2d 900 (Tex.Crim.App.1975).

■ The general areas of jury argument, within which all proper arguments must fall, are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex.Crim.App.1980); *Dunbar v. State*, 551 S.W.2d 382 (Tex.Crim.App.1977). Improper argument is not reversible unless, in light of the record as a whole, the argument is manifestly improper, violative of a mandatory statute, or injects new facts, harmful to the accused, into the trial proceeding. *Todd*, 598 S.W.2d at 297.

■ The argument in question was not so manifestly improper—even though it went beyond a mere plea for law enforcement—as to deprive the appellant of a fair and impartial trial. The quoted argument concerning the defendant's prior convictions, and the time he served, skirts the narrow borderline between a fair summa-

tion of the evidence and the prohibited invitation to consider parole law. We conclude, however, that the prosecutor did not make such comments about the Board of Pardons and Paroles or about parole law as to necessarily focus the jury's attention upon these matters. While the comments come perilously close to injecting new and harmful facts into the trial proceeding, it can also fairly be inferred that the argument was a reasonable deduction from the evidence (i.e., the pen packets) and was a permissible summary of such evidence. We observe, of course, that the appellant received a 40-year sentence rather than the life sentence that the prosecutor urged. The first ground of error is accordingly overruled.

The appellant's second through fourth grounds of error, argued jointly, contend that the trial court's order making the sentence in the instant case consecutive to that imposed in a prior prosecution should be stricken in that:

(2) The court improperly took judicial notice of the conviction in cause number 39,830;

(3) There is no proof that the appellant is the same Anthony Fitzgerald Turner in cause number 39,830;

(4) There is no evidence of a conviction in cause number 39,830.

In cause number 39,830, appellant was sentenced to 25 years confinement and the conviction was affirmed on appeal. *Turner v. State*, 688 S.W.2d 698 (Tex.App.—Houston [1st Dist.] 1985, pet. filed). The trial court ordered that the sentence in the instant case shall begin and operate only when the judgment and sentence in cause number 39,830 has ceased to operate; in other words, the sentences were made consecutive.

■ When a defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement, a trial court has discretion to decide whether the sentence for the subsequent conviction(s) shall run concurrently or consecutively with the sentence in the first case. Tex.Code Crim.P.Ann. art. 42.08 (Vernon 1979).

Appellant cites *Bridges v. State*, 468 S.W.2d 451 (Tex.Crim.App.1971), for the holding that a prerequisite to stacking sentences is that there be presented to the trial court record evidence of a former conviction and oral testimony identifying the accused as the person so convicted. In *Bridges*, the court properly took judicial notice of another case of the defendant before the same trial judge but in a different court.

■ In opposition to the State's motion for consecutive sentencing, appellant presented no controverting proof alleging that he was not the defendant in cause number 38,380 or that there was no conviction in that cause. Appellant did not dispute during the trial that he was the same defendant convicted in cause number 38,-380 or that a conviction occurred. The appellant also failed to object to the trial judge's taking judicial notice of a conviction of the same defendant. Appellant has, accordingly, preserved no error for review. The failure to object waives any except fundamental error.

The transcript sufficiently reflects the prior conviction and since there was no objection, it was admissible. We overrule grounds of error two through four.

■ The appellant's fifth ground of error asserts that the jury's affirmative finding that a deadly weapon was used should be stricken from the judgment and sentence because the issue was inappropriately submitted to the jury at the guilt/innocence stage.

The appellant relies on *Davis v. State*, 684 S.W.2d 201, 207 (Tex.App.—Houston [1st Dist.] 1985, pet. filed), which stated:

Only in Tex.Code Crim.P. art. 42.12 (Vernon Supp.1984) do we find mention of an affirmative finding as to the use or exhibition of a deadly weapon during the commission of an offense or during immediate flight therefrom. Because this section deals with the alternatives available to a jury or a court in imposing, suspending, or probating a sentence after conviction, it is appropriate that an inquiry affecting punishment alternatives be determined at this phase of trial.

258

Article 42.12 does not state when, during the bifurcated criminal trial, a jury is to be charged to find whether a weapon was used or exhibited during the commission of an offense ...

Sections 3, 3a, and 3f of art. 42.12, when read together, *suggest that the inquiry is a proper one for the punishment phase of the trial, not for the guilt or innocence phase.* (Emphasis added).

We observe initially that appellant failed to make any objection to the submission of the "deadly weapon" issue at the guilt/innocence phase while making other objections to the charge, thereby raising a waiver question. We conclude, however, that a "deadly weapon" finding is harmless, since aggravated sexual assault is a specifically listed offense under art. 42.12, sec. 3f(a)(1)(C), to which the probation provisions of sections 3 and 3c do not apply (and the parole provisions of section 15(b) do apply). Because the same consequences would follow from a conviction for aggravated sexual assault under section 22.021 of the Penal Code, with or without a finding of "deadly weapon," we hold that such finding is harmless surplusage.

The fifth ground of error is overruled and we affirm the trial court's judgment.