**Travis Bowie POSEY III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–88–336–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 22, 1988.

Patricia Saum, Houston, for appellant.

Roe Morris, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

Appellant waived a jury trial and was convicted of aggravated robbery. The court assessed punishment, enhanced by one prior felony conviction, at fifteen years confinement in the Texas Department of Corrections. In five points of error appellant claims (1) the trial court erred in overruling his motion to suppress identification; (2) the evidence is insufficient to prove appellant intentionally or knowingly committed aggravated robbery; (3) the trial court erred in admitting a knife into evidence because it was not the exact knife used in the robbery; (4) the evidence is insufficient to show that appellant used or exhibited a deadly weapon; and (5) appellant received ineffective assistance of counsel. We affirm.

On September 5, 1987, at approximately 11:30 a.m., appellant walked into the Sunbeam Bakery Store where Robin Hayes was working alone. Appellant placed an item on the sales counter and, as Ms. Hayes was ringing up the sale, pulled out a knife and told Ms. Hayes to go to the back of the store. While Ms. Hayes was in the back of the store, appellant took the money from the cash register and left the store.

In his first point of error appellant claims the trial court erred in overruling his motion to suppress Robin Hayes' in-court identification. At trial Robin Hayes testified that she saw the robber at approximately 11:30 a.m. in the Sunbeam Bakery Store which was well-lit. She stated that the robber was in the store two to three minutes and was standing approximately three feet away from her. Ms. Hayes described the robber to the police as a young white male, around eighteen years old with dark, curly hair. She said he was wearing a blue and white short sleeve button-down shirt and blue jeans. Several days later, Ms. Hayes saw the robber in the car in front of her in a fast food restaurant drive-through lane. Ms. Hayes then went to the police and gave them a description of the car appellant was driving. Approximately one month later, the police brought a photograph array to Ms. Hayes and asked if she could identify the robber from the photographs. Ms. Hayes identified appellant as the robber. At the hearing on the motion to suppress identification, Ms. Hayes also identified appellant as the robber. She testified that her in-court identification was based on her memory of appellant at the time of the robbery, and that she was positive about her identification.

When passing on a motion to suppress the evidence, the trial court is the exclusive trier of fact and its findings will be upheld if they are supported by the evidence. *White v. State,* 591 S.W.2d 851, 859–60 (Tex.Crim.App.1980). Some pretrial identification procedures are so unnecessarily suggestive as to deny a suspect due process of law. *Stovall v. Denno,* 388 U.S. 293, 298–99, 87 S.Ct. 1967, 1970–71, 18 L.Ed.2d 1199 (1967). However, in *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the Supreme Court, in rejecting a per se exclusionary rule, determined that reliability is the central issue in ascertaining the admissibility of identification testimony. *Id.* at 114, 97 S.Ct. at 2253. The factors which are to be considered in determining reliability are: (1) the witness's opportunity to view the defendant during the commission of the offense; (2) the witness's degree of attention; (3) the accuracy of the prior description of the accused; (4) the level of certainty of identification; and (5) the amount of time between the crime and the confrontation. *Id.* at 114–15, 97 S.Ct. at 2253. Reviewing each of these factors individually, we conclude that there is not a substantial probability of misidentification, and that the findings of the trial court are supported by the record. Appellant's first point of error is overruled.

In his third point of error appellant claims the trial court erred in admitting into evidence a knife which could not be identified by the victim as the knife used in the robbery. At trial, Ms. Hayes identified

a French chef's knife which was admitted into evidence as being similar to the knife used by appellant during the robbery.

 Visual, real, or demonstrative evidence is admissible where it tends to resolve some issue at trial and is relevant to the case, *Simmons v. State*, 622 S.W.2d 111, 113 (Tex.Crim.App. [Panel Op.] 1981), unless the prejudicial effect clearly outweighs its probative value. *Smith v. State*, 683 S.W.2d 393, 405 (Tex.Crim.App. 1984). The article sought to be exhibited must be properly identified, as against conjecture, and the trial court has a certain amount of discretion in the receipt of such evidence. *Simmons v. State*, 622 S.W.2d at 113.

 An object, such as a knife, that is not a precise replica or duplicate, is admissible if it is pertinent to an issue and is not expressly inflammatory, and the original, if available, would have been admissible. *Id.* at 113–14. An instrumentality or weapon that is described as "similar," "much the same," "comparable," or phrases or synonyms equivalent to these, is admissible to aid the jury in understanding the oral testimony adduced at trial subject to an abuse of discretion standard. *Id.* Where a key issue is whether the knife was used in a deadly manner and the exhibited knife is similar in length and size to the original, its display is proper. *Id.* at 114.

 Here, Ms. Hayes testified that the exhibited knife was similar in size and shape. She was unable, however, to recall whether the knife appellant used during the robbery had a blunt tip or a sharp tip. She was also unsure how heavy the knife was. This was a key issue in determining if the knife used was a deadly weapon. Since the original would have been admissible, the replica was also admissible. The fact that Ms. Hayes could not identify particular aspects of the knife used during the robbery goes to the weight of the evidence, not its admissibility. *See Futch v. State*, 376 S.W.2d 758, 760 (Tex.Crim.App.1964). Appellant's third point of error is overruled.

 In his fourth point of error appellant claims the evidence is insufficient to show that he used or exhibited a deadly weapon. A knife is not a deadly weapon per se. *Williams v. State*, 575 S.W.2d 30, 32 (Tex.Crim.App. [Panel Op.] 1979). The State can prove that a particular knife is a deadly weapon by showing its size, shape and sharpness, the manner of its use, or intended use, and its capacity to produce death or serious bodily injury. *Denham v. State*, 574 S.W.2d 129, 130 (Tex.Crim.App. 1978). It is not necessary that wounds be inflicted or express verbal threats be made in conjunction with the display or use of the weapon. *Dominique v. State*, 598 S.W.2d 285, 286 (Tex.Crim.App. [Panel Op.] 1980).

 In the instant case Ms. Hayes testified that when appellant robbed the Sunbeam Bakery Store, he held a knife to her face. As he held the knife to her, Ms. Hayes testified that she was afraid that he might kill or hurt her with the knife. She further testified that the French chef's knife admitted into evidence was similar in size and shape to the knife appellant used. Sargeant Manuel Zamora of the Houston Police Department testified that he was familiar with knives and the wounds they produce and that the French chef's knife was, in his opinion, a deadly weapon.

Appellant did not deny taking the money, but testified that the weapon he used was not a deadly weapon. Appellant testified that the weapon he used during the robbery was a tool used to clean cooking grills. Although appellant admitted it was possible to harm someone with the weapon, he stated that he did not intend to hurt Ms. Hayes. We conclude that the evidence is sufficient to support the trial court's finding that appellant exhibited a deadly weapon during the commission of the offense. Appellant's fourth point of error is overruled.

In his second point of error appellant contends the evidence is insufficient to prove that he intentionally or knowingly committed the offense of aggravated rob-

bery. Appellant concedes that he robbed the Sunbeam Bakery but argues the evidence is insufficient to show the aggravating circumstances, *i.e.,* that he used or exhibited a deadly weapon.

To be convicted of aggravated robbery, the accused must, while committing the robbery, intentionally threaten another or place another in fear of imminent bodily injury or death, or use or exhibit a deadly weapon. *Bilbrey v. State,* 594 S.W.2d 754, 759 (Tex.Crim.App. [Panel Op.] 1980); TEX.PENAL CODE ANN. § 29.03 (Vernon 1974). The intent element is directed to the state of mind in threatening or placing the victim in fear, the assaultive component of the offense of aggravated robbery. *Ex parte Santellana,* 606 S.W.2d 331, 333 (Tex.Crim.App.1980). Knowledge and intent can be inferred from the conduct of, remarks by, and circumstances surrounding the acts engaged in by the accused. *Allen v. State,* 478 S.W.2d 946, 947 (Tex. Crim.App.1972).

Ms. Hayes testified that appellant held a knife to her face in a threatening manner during the robbery. She further testified that she feared her life was in danger. Since we have determined that the knife appellant exhibited was a deadly weapon, we conclude that the evidence is sufficient to support the court's inference that appellant intentionally and knowingly committed aggravated robbery. Appellant's second point of error is overruled.

In his fifth point of error appellant claims he was denied effective assistance of counsel. A defendant is entitled to reasonably effective assistance of counsel, a right established by the sixth amendment to the United States Constitution, applied to the states through the fourteenth amendment, and recognized in article I, section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure Annotated (Vernon 1979). *Ex parte Duffy,* 607 S.W.2d 507, 513 (Tex. Crim.App.1980). The adequacy of the assistance is tested by the totality of the representation, rather than by isolated acts or omissions of trial counsel, *Ex parte Raborn,* 658 S.W.2d 602, 605 (Tex.Crim.App. 1983), and is tested at the time of trial, not through hindsight. *Hawkins v. State,* 660 S.W.2d 65, 75 (Tex.Crim.App.1983).

Texas follows the federal standard, enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in deciding whether a defendant has received effective assistance of counsel. *Wilkerson v. State,* 726 S.W.2d 542, 548 (Tex.Crim.App.1986). Under that standard, the defendant must establish two things: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. If either of the elements is not established, the contention fails. *Rico v. State,* 707 S.W.2d 549, 556 (Tex.Crim.App.1983). Moreover, a presumption exists in favor of counsel's conduct and a defendant has the burden of disproving "that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. at 2065.

Appellant urges several specific instances of trial counsel's alleged ineffectiveness during the hearing on the motion to suppress identification and during the trial of the case. In the hearing on the motion to suppress identification appellant alleges error in the failure to object to hearsay and leading questions, and in failing to request a hearing on the voluntariness of appellant's confession. Additionally, appellant states that counsel failed to adequately cross-examine certain witnesses during the hearing on the motion to suppress identification.

In this case, the trial was before the court, not a jury, so the trial court would not consider any inadmissible evidence or be affected by leading questions or hearsay. *See Taylor v. State,* 604 S.W. 2d 175, 177 (Tex.Crim.App. [Panel Op.] 1980). Further, isolated instances of failure to object do not constitute ineffective assistance of counsel. *Johnson v. State,* 629 S.W.2d 731, 736 (Tex.Crim.App.1981).

■ Counsel's failure to present evidence concerning the admissibility of appellant's written confession and the failure to object to the subsequent admission of the confession resulted from appellant's waiver of his right to a hearing to determine the admissibility of the confession. Counsel advised appellant concerning such a hearing but appellant waived the right to a hearing on the admissibility of his confession. Trial counsel simply complied with his client's wishes and cannot be held accountable for appellant's decisions.

■ Appellant further claims that counsel was ineffective because he failed to request a police report or written statements made by the witnesses. Our record does not reflect that any witness statements or a police report existed. We decline to review the adequacy of counsel's representation through hindsight. *See Johnson v. State*, 629 S.W.2d at 736. Counsel's decision not to request the report and witnesses' statements, if any existed, might be considered sound trial strategy and does not constitute ineffective assistance of counsel.

■ Appellant complains further of counsel's performance at trial. Specifically, he points to counsel's failure to object to leading questions, failure to object to a question calling for a narrative answer, and failure to state a ground for an objection. As we stated earlier, the trial court, as the trier of fact, would not consider inadmissible evidence or be affected by leading questions. *See Taylor v. State*, 604 S.W.2d at 177. Therefore, isolated instances of counsel's failure to object do not constitute ineffective assistance of counsel. *See Johnson v. State*, 629 S.W.2d at 736. Appellant further complains of counsel's failure to request that a videotape of the lineup be included in the appellate record. The identification procedure here was a photograph array; therefore, there was no lineup to videotape. From our review of the record we find no significant deficiencies in counsel's performance and find no

deficiencies that prejudiced the defense. Appellant's fifth point of error is overruled.

The judgment of conviction is affirmed.